ESTATE OF GUSSIE FEINBERG, DECEASED, BENJAMIN L. FEINBERG AND FREDA ROSENBERG, ADMINISTRATORS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Feinberg v. Commissioner
Docket No. 2107-75
United States Tax Court
T.C. Memo 1976-396; 1976 Tax Ct. Memo LEXIS 9; 35 T.C.M. (CCH) 1794; T.C.M. (RIA) 760396; December 27, 1976, Filed Benjamin L. Feinberg and Freda Rosenberg, pro se. Joan B. Alexander, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined a deficiency of $4,266.06 in estate tax. The sole issue *10 is whether a mortgage executed by Gussie Feinberg in favor of her six adult children is deductible as a claim against the estate under section 2053. [1]
FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Gussie Feinberg (decedent) died on May 13, 1971 at the age of 85. Benjamin L. Feinberg and Freda Rosenberg (petitioners) were at all pertinent times duly acting as administrators of the estate. They resided in Binghamton, New York, at the time the petition herein was filed.
On December 1, 1960, decedent executed a first mortgage on certain commercial land and buildings in favor of her six adult children. The mortgage was in the face amount of $30,000 and bore interest at 5 percent per annum. Nothing was paid to the decedent for the mortgage. On March 29, 1961, decedent filed a gift tax return in which she reported the mortgage as a gift to her children. Due to annual exclusions and the specific gift tax exemption, no gift tax was due. Interest was paid each year by decedent to the mortgagees. On May 28, 1968, decedent paid one *11 of the mortgagees $5,000, representing his one-sixth share of the mortgage, together with interest at 5 percent. The balance of the mortgage, i.e., $25,000, remained unpaid at decedent's death and was deducted on Schedule K of the Federal estate tax return. Since decedent's death, her six children have been the owners of the property which was the subject matter of the mortgage. OPINION Section 2053(a)(4) provides for the deduction of unpaid mortgages for purposes of the estate tax. Section 2053(c)(1)(A) provides that such deduction "in the case of claims against the estate, unpaid mortgages, or any indebtedness shall, when founded on a promise or agreement, be limited to the extent that they were contracted bona fide and for an adequate and full consideration in money or money's worth." We see no reason to dwell upon the question of the bona fides of the mortgage as a debt because, even if we were to conclude that a debt existed under local law, it is clear to us that the statutory requirement of "adequate and full consideration in money or money's worth" has not been satisfied. No money or property passed from any of the six children, who were the natural objects of her *12 bounty, to decedent.The decedent herself treated the transaction as a gift, as evidenced by the filing of a gift tax return. These circumstances clearly bring this case within the ambit of , where we sustained respondent's disallowance of a deduction under section 2053 in respect of a note and mortgage given by the decedent to her son. Neither the payment of interest nor the liquidation of the share of one child is sufficient basis for distinguishing Davis.Cf. ; Hoffman, Exec. v. United States, an unreported case ( USTC par 12,312). Petitioners seek to avoid the impact of the statutory provision by asserting that the mortgage herein was in exchange for the assistance given by the children to their mother over the years in the management of her affairs. The testimony in this regard was extremely vague and general and we were left with the impression that such services as may have been rendered represented no more than normal filial activity arising out of love and affection. Particularly when we *13 take into account the fact that the decedent herself treated the mortgage as a gift, we are necessarily led to the conclusion that petitioners have failed to carry their burden of proving that the statutory requirement has been satisfied. . Cf. . Petitioners also seek to sustain their position on the ground that the mortgage was created in reliance on the advice as to the tax implications received from an attorney and an accountant, who, in turn, purportedly relied on the informal advice of a representative of respondent. But such reliance, even if fully substantiated, could not operate to protect petitioners in respect of the substantive liability involved herein. ; 10 Mertens, Law of Federal Income Taxation, sec. 60.15. Finally, petitioners point to the fact that the decedent had been willing at the time the mortgage was created, and at all times thereafter until her death, to give her children the money equivalent. They argue that the mortgagees should therefore be treated as having *14 received the money prior to decedent's death. There is simply no basis upon which this position can be sustained. The petitioners must live with the transaction as it was structured and not as it might have been structured. Decision will be entered for the respondent. Footnotes
1. All references are to the Internal Revenue Code of 1954, as amended and in effect at the date of death.↩